```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
        -v-                                         :
                                                    :    S3 22 Cr. 618 (JPC)
MICHAEL GIAN WILLIAM HABIB,                         :
                                                    :    ORDER
                        Defendant.                  :
                                                    :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On August 17, 2023, the Court entered a protective order governing the production of discovery in this case. Dkt. 79 ("Protective Order"); *see* Fed. R. Crim. P. 16(d) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). Pursuant to the Protective Order, the Government may designate as Attorney's Eyes Only ("AEO") discovery material that would, "if disclosed to the defendants, [be] highly likely to impede ongoing investigations of uncharged defendants and subject individuals to risk of harm or obstruction." Protective Order at 2. The Protective Order precludes defense counsel in this case from "shar[ing] any AEO Material or the content of the AEO Material with any other person, *including the defendant*, except for any personnel employed by or retained by counsel, as needed for purposes of defending this action." *Id.* at 3 ¶ 4 (emphasis added). The Protective Order further provides that, in the event of a dispute as to the Government's designation of material as AEO and following a meet and confer process, defense counsel may make an application to the Court for "de-designation of such material." *Id.* at 4 ¶ 10.

On November 11, 2023, counsel for Defendant Michael Gian William Habib filed a sealed letter motion ("Motion") seeking permission to share with his client a warrant affidavit, Motion, Exh. 1 (the "Warrant Affidavit"), the Government produced to Habib's counsel and that the

Government designated AEO. The Warrant Affidavit set forth probable cause to search electronic devices belonging to an individual that the Government considers to be an unindicted co-conspirator and contains information about supposed criminal activity committed by Habib. Habib's counsel's primary argument is that he needs to be able to show the Warrant Affidavit to Habib in order to properly advise Habib whether to plead guilty to the Indictment, given the possibility of further criminal charges based on information in the Warrant Affidavit. On November 16, 2023, the Government filed a sealed opposition to the Motion.

Habib's counsel's application is denied without prejudice to renewal closer to trial. At this stage, however, counsel has identified no legal entitlement of his client to view the Warrant Affidavit. The Warrant Affidavit is not exculpatory for Habib pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and that case's progeny; if anything, the affiant discusses possible additional criminal acts by Habib. Nor is the Warrant Affidavit discoverable under Federal Rule of Criminal Procedure 16(a)(1). The Warrant Affidavit itself does not constitute statements by Habib, whether in response to government interrogation or otherwise written or recorded. *See* Fed. R. Crim. P. 16(a)(1)(A), (B). The Warrant Affidavit does not contain information about Habib's prior criminal record. *See* Fed. R. Crim. P. 16(a)(1)(D). The Warrant Affidavit itself is not a document or object that is material to preparing the defense, that the Government intends to use in its case-in-chief, or that was obtained from or belongs to Habib. *See* Fed. R. Crim. P. 16(a)(1)(E). Notably, because the resulting search warrant did not concern any of Habib's devices, he would lack standing to challenge the search. And the Warrant Affidavit is not a report of any examination or test, nor does it pertain to any expert witnesses for the Government. *See* Fed. R. Crim. P. 16(a)(1)(F), (G).

But as noted, Habib's counsel's application is denied without prejudice. Trial is scheduled to commence on January 29, 2024. Depending on the witnesses that the Government calls at trial and their anticipated testimony, the Warrant Affidavit may need to be disclosed at the appropriate

time under 18 U.S.C. § 3500 or to comply with the Government's obligations under *Giglio v. United States*, 405 U.S. 150 (1972). With trial still seven weeks away, however, the Government is currently under no obligation to provide the Warrant Affidavit for Habib's viewing. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) ("We have previously held that Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); *United States v. Rodriguez*, No. 19 Cr. 779 (AKH), 2020 WL 5819503, at *10 (S.D.N.Y. Sept. 30, 2020) (stating that "[c]ourts in this Circuit have repeatedly declined to issue pretrial discovery orders pertaining to . . . *Giglio* material, upon a good faith representation by the government that it has complied—and will continue to comply—with its disclosure obligations" and collecting cases).

This Order of course does not preclude counsel from discussing with Habib whether he has engaged in any acts that could expose him to further criminal charges. At this stage, however, the Government is under no obligation to produce the Warrant Affidavit to Habib and, accordingly, his counsel's application is denied without prejudice.

This Order shall be initially filed under seal. If either party objects to the public filing of this Order (and thus the sharing of this Order with Habib himself), that party shall so advise the Court by December 14, 2023. In that submission, the party shall propose any redactions for a publicly filed version of this Order, as well as the basis for sealing or the redactions pursuant to the standard established in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and other authorities in this Circuit.

SO ORDERED.

Dated: December 11, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge